UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**RONI FUENMAYOR TORRES,**

    **Petitioner,**

    v.                                           Case No.:  6:26-cv-00184-AGM-LHP

**LOUIS A. QUINONES, JR.;**
**IMMIGRATION AND CUSTOMS**
**ENFORCEMENT; ICE FIELD**
**OFFICE DIRECTOR; and UNITED**
**STATES DEPARTMENT OF**
**HOMELAND SECURITY;**

    **Respondents.**
_____

## ORDER

    Roni Fuenmayor Torres is a Venezuelan national who challenges his ongoing detention at the Orange County Jail in Orlando, Florida.  According to his Petition, he was "arrested by the Orange County Sherriff's Office solely based on an allegation that he was 'undocumented.'"  (Doc. # 1, at 2).  Providing the Court with nothing in the form of legal authority or competent evidence to support the contention, he nevertheless claims that (1) he is lawfully present in the United States and (2) his detention is unlawful.  (Doc. # 1 at 2).  Mr. Torres demands that this Court issue a writ of habeas corpus and—without notifying the Respondents or giving them an opportunity to be heard[1]—prohibit the Respondents (1) from

---

[1] Mr. Torres does not merely seek a preliminary injunction; he also seeks a temporary restraining order under Rule 65 of the Federal Rules of Civil Procedure.  Although Mr. Torres has not met the requirements for either an injunction or a TRO, a temporary restraining order may be issued without notice to the adverse party.  *See* Fed. R. Civ. P. 65(b)(1).

transferring Mr. Torres from the Orange County Jail or (2) "otherwise continuing his unlawful detention pending final adjudication of his habeas petition." As detailed below, Mr. Torres has not met the burdens and legal requirements the law imposes on him. Therefore, the Petition is due to be dismissed and the Motion is due to be denied.

I.   **LEGAL STANDARD**

   **A.  Jurisdiction**

District courts have the power to issue writs of habeas corpus pursuant to 28 U.S.C. § 2241(a). However, Congress "may 'give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution,'" *University of South Alabama*, 168 F. 3d 405, 409 (11th Cir. 2001) (quoting *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 215 (5th Cir.1998) (en banc)), and, to this end, Congress has statutorily provided that district courts have limited jurisdiction to issue writs of habeas corpus in certain immigration and alien removal contexts. *See* 8 U.S.C. § 1252(a)(2)(A).

   **B.  Habeas Rules**

A petition for a writ of habeas corpus is governed by the Rules Governing Section 2254 Cases in the United States District Courts, Pub. L. 94-426 (the "Habeas Rules"). While Rule 1(a) specifies that the Habeas Rules govern a petition filed under 28 U.S.C. § 2254, Rule 1(b) makes clear that a "district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a)."

Among other things, Rule 2(c) of the Habeas Rules requires that the petition "specify all the grounds for relief available to the petitioner;" "state the facts supporting each ground;" and "be signed under penalty of perjury by the petitioner or a person authorized to sign it for

the petitioner under 28 U.S.C. § 2242." Habeas Rule 2(c)(1), (2), (5). Rule 3 of the Habeas Rules provides that the petition "must be accompanied by the applicable filing fee or a motion to proceed in forma pauperis." Habeas Rule 3(a)(1)–(2).

Habeas Rule 4 requires that the district court "must dismiss the petition and direct the clerk to notify the petitioner" if the district court determines that "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" And "[i]n every case," Rule 4 requires that the clerk serve a copy of the petition and any order "on the respondent and on the attorney general or other appropriate officer of the state involved." *Id.*

"A prime purpose" of Rule 2(c)'s demand that petitioners plead with particularity is to "assist the district court" in its duties under Rule 4. *Mayle v. Felix*, 545 U.S. 644, 656 (2005). As between Rule 8 of the Federal Rules of Civil Procedure and Rule 2(c) of the Habeas Rules, "Habeas Corpus Rule 2(c) is more demanding." *Id.* at 655.

**C. Federal Rule of Civil Procedure 65**

Under Rule 65(b)(1), the Court may only issue a temporary restraining order without notice to the adverse party if:

(A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

(B) The movant's attorney certified in writing any efforts made to give notice and the reasons why it should not be required.

"An *ex parte* temporary restraining orders are considered to be an extreme remedy to be used only with the utmost caution." *Levine v. Camcoa Ltd.*, 70 F.3d 1191, 1194 (11th Cir. 1995) (Hill, C.J., concurring).

3

If the movant establishes that he is justified in seeking *ex parte* relief, the movant then must establish: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1225–26 (11th Cir. 2005). "The balance-of-the-harms and public-interest elements merge when the government is the party opposing the injunctive relief." *Melendez v. Sec'y, Fla. Dep't of Corr.*, No. 21-13455, 2022 WL 1124753, at *17 (11th Cir. Apr. 15, 2022) (citing *Swain v. Junior*, 961 F.3d 1276, 1293 (11th Cir. 2020)). A failure to establish any one of these elements warrants denial of injunctive relief. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000); *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville*, 896 F.2d 1283, 1285 (11th Cir. 1990) (vacating a preliminary injunction based solely on plaintiff's failure to establish irreparable injury).

Additionally, a district court may issue a temporary restraining order "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party to have been wrongfully enjoined or restrained." Fed. R. Civ. P. 65(c). Trial courts have discretion to determine the amount of security Rule 65 requires. *BellSouth Telecomms., Inc. v. MCIMetro Access Transmission Servs., LLC*, 425 F.3d 964, 971 (11th Cir. 2005).

**D. Local Rules of the Middle District of Florida**

Motions for temporary restraining order and preliminary injunction are, respectively, governed by Middle District of Florida Local Rules 6.01 and 6.02. Rule 6.01 provides that a motion for temporary restraining order "must include" "(1) 'Temporary Restraining Order' in

the title; (2) specific facts — supported by a verified complaint, an affidavit, or other evidence — demonstrating an entitlement to relief; (3) a precise description of the conduct and the persons subject to restraint; (4) a precise and verified explanation of the amount and form of the required security; (5) a supporting legal memorandum; and (6) a proposed order."

Local Rule 6.02 provides that a motion for a preliminary injunction "(1) must include 'Preliminary Injunction' in the title but otherwise must comply with Local Rule 6.01(a) and (b) and (2) must include as an attachment each paper on which the movant relies."

## II. ANALYSIS

### A. Jurisdiction

"Federal courts are courts of limited jurisdiction and are required to inquire into their jurisdiction at the earliest possible point in the proceeding." *Kirkland v. Midland Mortg. Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). The party seeking to invoke the Court's jurisdiction bears the burden of satisfying the Court that it has jurisdiction. *See McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002). Not only is it unnecessary for district courts to wait for lack of subject matter jurisdiction to be raised as a defense, it is "axiomatic" that district courts may not passively stand by waiting for the issue to be raised. *See University of South Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409–10 (11th Cir. 1999). "[B]ecause the Constitution unambiguously confers [] jurisdictional power to the sound discretion of Congress, federal courts 'should proceed with caution in construing constitutional and statutory provisions dealing with [their] jurisdiction.'" *Id.* (cleaned up). The reason why it is necessary for district courts to independently respect the limits of their power is that when a district court acts without subject matter jurisdiction, "it violates the fundamental constitutional precept of limited federal

5

power," "unconstitutionally invades the powers reserved to the states to determine controversies in their own courts," and "offends fundamental principles of separation of powers." *Id.* at 410.

Doubt as to the existence of its jurisdiction may arise from a trial court's examination of the face of the pleading and the exhibits it attaches, if the party invoking the Court's jurisdiction has inadequately alleged a basis for subject matter jurisdiction. *McElmurray v. Consolidated Gov't of Augusta-Richmond County*, 501 F.3d 1244, 1251 (11th Cir. 2007). If it determines that the face of the petition and the exhibits attached to it fail to allege a sufficient basis for subject matter jurisdiction, a district court is authorized to dismiss the petition. *Id.* (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)).

Here, on review of the Petition and the attached exhibits, Mr. Torres has failed to sufficiently allege a basis for this Court to issue the writ of habeas corpus. In matters relating to immigration and alien removal proceedings, Congress "may 'give, withhold or restrict such jurisdiction at its discretion, provided it be not extended beyond the boundaries fixed by the Constitution,'" *University of South Alabama*, 168 F. 3d at 409 (quoting *Marathon Oil Co. v. Ruhrgas*, 145 F.3d 211, 215 (5th Cir. 1998) (en banc)), and, in the context of immigration and alien removal proceedings, it is abundantly clear that Congress has done precisely that. In its judgment, Congress has (1) granted district the power to issue writs of habeas corpus generally, yet also (2) specifically denied district courts the power to issue the writ in certain contexts relating to immigration and alien removal. For example, the district court cannot ascertain that it has jurisdiction unless the petition pleads the inapplicability of jurisdiction-stripping provisions of the Immigration and Nationality Act, which expressly provide that district courts

do not have jurisdiction to issue the writ of habeas corpus in certain contexts even when 28 U.S.C. § 2241 otherwise applies.  *See* 8 U.S.C. § 1252(a)(2)(A) (providing that "[n]otwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of title 28, or any other habeas corpus provision, … no court shall have jurisdiction to review" enumerated claims arising from or relating to expedited removal under 8 U.S.C. § 1225(b)(1), except as provided in § 1252(e)).  Because the Petition fails to meet these jurisdictional requirements, the Court's jurisdiction is in doubt.

### B.  Habeas Rules

Even if the Petition adequately alleged the existence of subject matter jurisdiction (and it did not, for the reasons identified above), the Petition is due to be dismissed because in various other respects it fails to comply with federal law.

#### 1.  Failure to Comply with Pleading Standards

Whether examined under the Federal Rules of Civil Procedure or the Habeas Rules, the Petition fails to comply with requisite pleading standards.  If examined under the Habeas Rules, the Petition notably fails to meet the requirements of Rule 2(c).  It does not "specify all grounds for relief available to the petitioner," "state the facts supporting each ground," and is not "signed under penalty of perjury" by either Mr. Torres or his counsel.

Considering the screening function the Court is required by federal law to undertake pursuant to Rule 4, the lack of verification and specificity in the Petition is no insignificant concern.  Although the Petition demands that this Court take the extraordinary step of directing both the warden of the Orange County jail and also the work of a different branch of United States government, it does so without verification that its allegations are true, and it

contains assertions that are simply not supported (if not outright contradicted) by the exhibits attached. For example, Mr. Torres alleges in a conclusory fashion that he is lawfully present in the United States. However, the Petition alleges no facts and makes no legal argument that competently support that conclusion. Mr. Torres attaches to his Petition a copy of his Temporary Florida Driver License, without explaining how the State of Florida could, as a matter of law, confer immigration status on him by issuing a Temporary Florida Driver License. He attaches a United States of America Employment Authorization Card and a Social Security Card, again without explaining how those documents confer immigration status. Indeed, his Social Security Card is marked "Valid for Work Only With DHS Authorization." He attached an expired I-797A Notice of Action, which, if anything, contradicts his allegation; the I-797A reflects that his Temporary Protected Status expired on April 2, 2025. He attached a Form I-797C Notice of Action reflecting that Mr. Torres applied for asylum in the United States on May 3, 2023, but that form states on its face in all capital letters that "THIS NOTICE DOES NOT GRANT ANY IMMIGRATION STATUS OR BENEFIT." (Doc. # 1, at Ex. A.)

Meanwhile, the Petition says nothing about the circumstances leading to Mr. Torres's detention and contains little more than the conclusory assertions that, for example, (1) an ICE immigration detainer is an administrative request that does not authorize detention, (2) exhaustion is not required and would be futile; and (3) no adequate or available administrative remedy exists to challenge a local jail's detention based solely on an ICE detainer. As noted below, the Petition was not accompanied by the applicable filing fee, which is a requirement of Rule 3(a).

Given that "Habeas Corpus Rule 2(c) is more demanding" than Rule 8 of the Federal Rules of Civil Procedure, *Mayle*, 545 U.S. at 655, it is relevant to note that even if the Habeas Rules did not apply, the Petition is a shotgun pleading subject to dismissal pursuant to Rule 8. Pleadings that fail under Federal Rules of Civil Procedure 8(a)(2) or 10(b) "are often disparagingly referred to as 'shotgun pleadings.'" *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). The Eleventh Circuit has recognized four types of shotgun pleadings, all of which share the common defect of failing to give the defendant adequate notice of the claims asserted or the grounds supporting them. *Id.* at 1323. Although "it is much easier in the short term to permit shotgun pleadings . . . instead of intervening sua sponte to narrow the issues," "district courts have the power and the duty to define the issues at the earliest stages of litigation" and it is appropriate to "quickly demand repleader" to avoid being "drowned in an uncharted sea," a "massive record," and "loose pleadings." *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1333 (11th Cir. 1998).

Here, the Petition is a shotgun pleading because it lumps the Respondents together in a way that makes it impossible for the Court to determine who Mr. Torres alleges did what, and when. *Barmapov v. Amuial*, 986 F.3d 1321, 1325 (11th Cir. 2021) (explaining a pleading that asserts a claim against multiple defendants "without specifying which of the defendants are responsible for which acts or omissions" is a prohibited shotgun pleading). As one example of this, the Petition names four different individuals and entities—admittedly, "names" is inapposite, given that Mr. Torres asks the Court to restrain and enjoin at least one person who has no name in the Petition (*see* doc. # 1, at 1 naming Respondent "ICE Field Office Director, Orlando Field Office")—but, with no effort to differentiate among those

9

four entities and individuals, Mr. Torres alleges that on an unspecified date "Respondents have threatened and attempted to transfer Petitioner to ICE custody." (Doc. # 1 at 2).

As noted above, the Petition fails to meet the requirements of federal law in multiple respects, each one of which justify dismissal. The Petition is due to be dismissed for these reasons.

### C. Federal Rule of Civil Procedure 65

#### 1. Procedural Failures

While it is evident that the Petition is due to be dismissed, it is noteworthy that the Motion was deficient in its own ways. Indeed, the Motion fails to satisfy *either* of the mandatory requirements of Rule 65(b). First, Mr. Torres did not submit an affidavit or a verified complaint setting forth specific facts clearly showing that immediate and irreparable injury would occur to him. See Fed. R. Civ. P. 65(b)(1)(A). Second, Mr. Torres's counsel failed to certify in writing any efforts made to provide notice to Respondents or to explain why notice should not be required, as Rule 65(b)(1)(B) expressly mandates. Because strict compliance with Rule 65(b) is required, this deficiency alone warrants denial of *ex parte* injunctive relief. Notably, the Motion also fails to address the bond requirement of Rule 65(c).

#### 2. Substantive Failures

Even if Mr. Torres has met the requirements for a TRO (and he has not), the Motion must also be denied because it fails to establish the substantive requirements of injunctive relief. Mr. Torres seeks both prohibitory and mandatory injunctive relief. Specifically, he requests an order prohibiting Respondents from (1) transferring him from the Orange County Jail or (2) "otherwise continuing his unlawful detention pending final adjudication of his

habeas petition." While an injunction that prohibits a transfer arguably seeks to maintain the status quo, the request to prohibit the Respondent from "otherwise continuing his unlawful detention pending final adjudication of his habeas petition" presents as a request for mandatory injunctive relief that compels the Respondents to "take action" by releasing him. *Preferred Sites, LLC v. Troup County*, 296 F.3d 1210, 1221 (11th Cir. 2002). Preliminary injunctive relief in general is exceptional but "[m]andatory preliminary relief, which goes well beyond simply maintaining the status quo pendente lite, is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party." *Martinez v. Matthews*, 544 F.2d 1233, 1243 (5th Cir. 1976).[2] Especially considering the heightened burden associated with a mandatory injunction, it is evident that Mr. Torres has failed to carry his burden of establishing the elements of a preliminary injunction.

### a. Likelihood of Success on the Merits

Both (1) for the same reasons that justify dismissal of the Petition and also (2) because the Petition is dismissed, Mr. Torres cannot establish a substantial likelihood of success on the merits of his Petition. "Absent a properly-filed complaint, a court lacks power to issue preliminary injunctive relief." *Powell v. Rios*, 241 F. App'x 500, 505 n. 4 (10th Cir. 2007). A complaint is required because "injunctive relief must relate in some fashion to the relief requested in the complaint." *Alabama v. United States Army Corps of Eng'rs*, 424 F.3d 1117, 1134 (11th Cir. 2005). This means that "injunctive relief must relate in some fashion to the relief requested in the complaint," *id.*, and cannot "deal[ ] with a matter lying wholly outside the

---

[2] *See Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (adopting the decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981).

issues in the suit," *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997); *see Gomez v. United States*, 899 F.2d 1124, 1127 (11th Cir. 1990) ("Litigants are not entitled to greater temporary remedies pending litigation than they would be entitled to as the ultimate prevailing party."). "[F]acts contained in a motion or brief 'cannot substitute for missing allegations in the complaint.'" *EEOC v. Catastrophe Mgmt. Sols.*, 852 F.3d 1018, 1030 n.5 (11th Cir. 2016) (quoting *Kedzierski v. Kedzierski*, 899 F.2d 681, 684 (7th Cir. 1990)).

With the Petition due to be dismissed for the reasons stated above, Mr. Torres cannot establish a likelihood of success on the merits at this stage.[3]

### b. Irreparable Harm

Mr. Torres also fails to establish that he will suffer irreparable harm absent injunctive relief. To satisfy this requirement, Mr. Torres must demonstrate that, unless an injunction is issued, he will suffer an injury that is neither "remote nor speculative, but actual and imminent," and the injury is not one that cannot be remedied if a court waits until the end of trial to resolve it. *Northeastern Fla. Chapter of the Ass'n of Gen. Contractors v. City of Jacksonville,* 896 F.2d 1283, 1285 (11th Cir.1990) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 973 (2d Cir. 1989)).

With no citation to legal authority, Mr. Torres alleges in a conclusory fashion that (1) his loss of physical liberty constitutes irreparable harm as a matter of law and (2) transfer to ICE custody would irreversibly alter his custodial status and risk mooting or frustrating this

---

[3] With sincere respect for the decisions of fellow inferior court judges, a review of the Petition and the Motion suggests that it would be beneficial (if not necessary) to explain that a petition that exclusively cites the decisions of other district courts does not satisfy the requirement to establish a substantial likelihood of success on the merits.

12

Court's jurisdiction. Notwithstanding the fact that Mr. Torres has failed to allege facts sufficient for the Court to conclude that his detention is unlawful, the Motion does not explain why his transfer would cause an actual and imminent injury not compensable post-trial. *See City of Jacksonville*, 896 F.2d at 1285; *Siegel*, 234 F.3d at 1177 ("Plaintiffs also contend that a violation of constitutional rights always constitutes irreparable harm. Our case law has not gone that far, however.").

### c. Balance of Equities and Public Interest

As a matter of law, immigration policy decisions are entrusted to the political branches and courts owe substantial deference to those judgments. *Trump v. Hawaii*, 585 U.S. 667, 703–04 (2018). Particularly where the Petition's failure to comply with federal law and pleading requirements impede the Court's ability to assess the Petition, Mr. Torres has not demonstrated that the balance of equities and the public interest weigh in his favor.

### D. Local Rules of the Middle District of Florida

Even if this Court was satisfied that the Motion was procedurally and substantively sound under the Federal Rules of Civil Procedure (and it is not), the Motion is also due to be denied because it fails to meet the requirements of Local Rules 6.01 and 6.02. First, the Motion does not satisfy *any* requirement of Rule 6.01, save the requirement that the title of the motion include the words "Temporary Restraining Order." As noted elsewhere, the Motion does not include specific facts supported by a "verified compliant, an affidavit, or other evidence demonstrating an entitlement to relief." It does not include a "precise description of the conduct and the persons subject to restraint." Indeed, as noted above, one of the persons Mr. Torres seeks to restrained is not even named. The Motion does not include a "precise and

13

verified explanation of the amount and form of the required security" because the Motion utterly *ignores* the security requirement. And it does not include a "supporting legal memorandum" or a "proposed order." The Motion further fails to comply with Local Rule 6.02 and is due to be denied based on its noncompliance with either rule.

### E. Failure to Pay the Filing Fee

Finally, federal law requires Mr. Torres to pay the filing fee. 28 U.S.C. § 1914 requires that "[t]he clerk of each district court *shall* require the parties instituting any civil action, suit or proceeding . . . to pay a filing fee," and subsection (a) sets that fee at five dollars for applications for a writ of habeas corpus. (emphasis added). Where the statute says that the clerk shall require the payment of the fee, payment of the fee is required. "[W]hen the word *shall* can reasonably be read as mandatory, it ought to so be read." Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 114 (2012). Here, the docket reflects that Mr. Torres failed to pay the fee at filing. Despite a post-filing reminder by the Clerk, the fee remains unpaid.

## III.   CONCLUSION

For the foregoing reasons, Mr. Torres's Petition must be dismissed, and his Motion must be denied.

Accordingly, it is now

**ORDERED** and **ADJUDGED** that:

1. Petitioner's Petition for Writ of Habeas Corpus (doc. # 1) is **DISMISSED**;

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (doc. # 2) is **DENIED**;

3. The Clerk is directed to **SERVE** a copy of the petition and this Order on the Respondents, to the extent they are named, and the Attorney General of the State of Florida, pursuant to Rule 4 of the Habeas Rules.

**DONE** and **ORDERED** this 28th day of January, 2026 in Chambers in Orlando, Florida.

ANNE-LEIGH GAYLORD MOE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Petitioner
Respondents, to the extent named
Attorney General of Florida